Behrooz P. Vida, SBOT No. 20578040
Carla R. Vida, SBOT No. 16674445
Helenna Bird, SBOT No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
TEL: (817) 358-9977
FAX: (817) 358-9988
ATTORNEYS FOR DWAYNE PAUL BRIDGES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br>DWAYNE PAUL BRIDGES | § § § § | CASE NO.   19-44181-ELM<br>CHAPTER 7 |

| | | |
|---|---|---|
| KAPITUS SERVICING, INC. AS SERVICING AGENCT FOR TVT CAPITAL, LLC<br>    Plaintiffs<br>v.<br><br>DWAYNE PAUL BRIDGES<br>    Defendant | § § § § § § § § § | <br><br><br>Adversary No. 20-04009-ELM |

### RULE 12(b)(6) MOTION TO DISMISS CERTAIN CAUSES OF ACTION

TO THE HONORABLE JUDGE OF THE SAID COURT:

DWAYNE PAUL BRIDGES ("Bridges"), files this Motion to Dismiss (the "Motion"), against KAPITUS SERVICING, INC. AS SERVICING AGENCT FOR TVT CAPITAL, LLC ("Kapitus"), and would respectfully show the Court as follows:

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding.

3. This Motion is brought pursuant to 11 U.S.C. § 105, Rules 12(b)(6), 12(e), 7, 8 and 9 FED. R. CIV. P., made applicable to this proceeding via Bankruptcy Rules 7012, 1011, 7007, 7008 and 7009 FED. R. BANKR. P.

4. Kapitus brought this adversary proceeding to determine the dischargeability of debt (the "Complaint"), against Bridges. Kapitus contends the personal guarantee Bridges gave to Kapitus is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6). This Motion addresses Kapitus' failure to state a claim under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).

5. The facts relevant to this Motion as to each cause of action subject to this Motion, as alleged by Kapitus, can be summarized as follows:

(a) Section 523(a)(2)(A) Claim - On or about June 9, 2016, Bridges, on behalf of its wholly owned corporation, License to Chill Heating and Air, Inc. ("Merchant"), entered into Purchase and Sale of Future Receivables (the "Agreement").1 This was the second such transaction between the parties. With respect to this second transaction, Bridges had a pre-funding call with Kapitus on or about June 9, 2016. Kapitus alleges oral representations made by Bridges regarding Merchant's financial situation during the funding call amount to false pretenses, false statements and actual fraud to obtain money from Kapitus.

(b) Section 523(a)(4) Claim – Bridges' liability under the personal guarantee is a debt for fraud or defalcation in a fiduciary capacity, embezzlement or larceny.

---

1 It seems Kapitus is either confused or hedging its bet. In parts of the Compliant, Kapitus claims that the transaction between Bridges and Merchant on one side and Kapitus on the other side was an outright purchase of Merchant's receivables (e.g., ¶¶ 16, 17). In other parts of the Complaint Kapitus refers to the transaction as a financing agreement or loan. (e.g., ¶¶ 9 and 13).

(c) <u>Section 523(a)(6) Claim</u> - Bridges' liability under the personal guarantee is a debt for willful and malicious injury by Bridges to property of Kapitus.

(d) Plaintiff alleges to have suffered $145,306.35 in damages plus unliquidated damages for attorney's fees.

6. Bridges contends even taking Kapitus' facts as true, Kapitus has failed to state a claim under Sections 523(a)(2)(A), (a)(4) and (a)(6), upon which relief can be granted.

7. Additionally, Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged causes of action under 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6), and therefore fails. Kapitus' Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

## Rule 12(b)(6) in General

8. A bankruptcy court may *sua sponte* treat a hearing on a Rule 12(b)(6), as a hearing for summary judgment. *In re Rothery*, 143 F.3d 546 (9th Cir. 1998).

9. In evaluating a Motion to Dismiss under Rule 12(b)(6), a complaint is to be charitably construed, with all well pleaded factual allegations being accepted as true, and with any reasonable inferences from those facts being drawn in favor of the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-556 & 569 n. 14, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-556. In 2009, the Supreme Court clarified the *Twombly* pleading standard and elaborated that, to survive a motion to dismiss, a civil complaint must contain sufficient factual matter, accepted as

true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-1951, 173 L. Ed. 2d 868 (2009)(the Court also affirmed the *Twombly* two-pronged approach to deciding motions to dismiss: first, determine what is a factual allegation versus a legal conclusion, as only factual allegations will be accepted as true; and second, determine whether the factual allegations state a plausible claim for relief). In analyzing a motion to dismiss, a court may review the pleadings on file, including all attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

10. Rule 12 (b)(6) is not entirely a toothless tiger. *Podiatrist Ass'n, Inc., v. La Cruz Azul de Puerto Rico, Inc.*, 332 F.3d 6, 19 (1st Cir. 2003). A complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable theory. *Id.*

11. Defendant asserts that Plaintiff's failure to tie in the causes of action to the necessary facts needed for the support of each element, has caused Plaintiff to fail to state a claim upon which relief can be granted.

### Rule 12(b)(6), 12(e), (7) & (9) as to § 523(a)(2)(A) Cause of Action

12. Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged cause of action under 11 U.S.C. § 523(a)(2)(A), and therefore fails. Kapitus' Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

13. Each of the elements of section 523(a)(2)(A) must be proved by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

14. Kapitus' Complaint seeks a determination that its claim against Bridges for his personal guarantee should be excepted from discharge under §523(a)(2)(A) as a debt obtained by "false pretenses, a false representation, or actual fraud."

15. 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code provides that:

(a) a discharge under §727 of this title does not discharge an individual debtor from any debt –
    (2) for money, property, ... to the extent obtained by—
        (A) false pretenses, a false representation actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

16. To have a debt excepted from discharge pursuant to the "actual fraud" provision in §523(a)(2)(A), an objecting creditor must prove that:

    (1) the debtor made representations;
    (2) at the time they were made the debtor knew they were false;
    (3) the debtor made the representations with the intention and purpose to deceive the creditor;
    (4) the creditor justifiably relied on such representation; and
    (5) the creditor sustained losses as a proximate result of the representations.

*Int'l Beauty Products, LLC v. Beveridge (In re Beveridge),* 416 B.R. 552, 2009 WL 2591143, at *10 (Bankr. N.D. 2009); *see also Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995), as modified by the United States Supreme Court decision of *Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995) [regarding the proper standard of reliance].

17. Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 153 (5th Cir. 2010).

18. While Rule 9(b) provides that intent and knowledge "may be alleged generally," this is not license to base claims of fraud upon conclusory allegations. *Id.*

19. "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid

out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

20. Bridges points out that Kapitus' Section 523(a)(2)(A) claim is based on an oral conversation with Bridges. During this funding call Kapitus' representative asked questions *respecting* Bridges' and/or Merchant's financial condition.2 The United States Supreme Court in *Lamar, Archer & Cofrin, LLP v. Appling (In re Appling),* 138 S. Ct. 1752, 1758, 201 L. Ed. 2d 102 (2018), gave the phrase "respecting the debtor's financial condition" a broad interpretation. The Supreme Court held:

> We also agree that a statement is "respecting" a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status. A single asset has a direct relationship to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not. Naturally, then a statement about a single asset can be a "statement respecting the debtor's financial condition."

*Id.* at 1761. During the funding call, Kapitus inquired about being current with landlord, being current on business property, debts owed to other lenders and being current on tax liabilities. If a statement about a *single asset* in *In re Appling* constituted a "statement respecting the debtor's financial condition" under 11 U.S.C. §523(a)(2), then, the many questions asked by Kapitus during the funding call definitely were questions respecting Bridges' and/or Merchant's financial condition. Therefore, Kapitus' Section 523(a)(2)(A) claim against Bridges fails because Kapitus had to have its answers regarding the financial conditions in writing and not through a funding call. In addition, in *Bellco First Federal Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir. 1997), the Tenth Circuit held that "[a] written statement of financial condition does not mean an oral statement converted into an electronic format." *Id.* at 1362.

---

2 The questioning seems to be vague and nonspecific as to whether the questions are being directed to Merchant or Bridges personally. Regardless, the questions were respecting the debtor's (Bridge's) or an insider's (Merchant's) financial condition.

21. Therefore, any oral representations by Bridges during the funding call about debts of Merchant or his personal debts could not be challenged under § 523(a)(2)(A), but would have to be in writing and challenged under § 523(a)(2)(B).

22. Bridges contends that Kapitus has failed to state a claim for fraud in the context of Section 523(a)(2)(A) upon which relief can be granted. Bridges contends that Kapitus' claim should be dismissed, or in the alternative Bridges requests that Kapitus be given no more than 10 days to replead its claim in full compliance with Bankruptcy Rule 7009 and 12(e), FED. R. CIV. P., without adding any new facts because the time for adding new facts expired when the deadline for filing objection to dischargeability expired on February 3, 2020.

### Rule 12(b)(6), 12(e) as to § 523(a)(4) Cause of Action

23. Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged cause of action under 11 U.S.C. § 523(a)(4), and therefore fails. Kapitus' Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

24. Section 523(a)(4) provides that a debt may be declared non-dischargeable if it arose by reason of the debtor's "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

25. Under section 523(a)(4) non-dischargeability of a debt because of fraud or defalcation by the debtor requires a showing that (1) the debtor was a fiduciary, and (2) the debt arose through fraud or defalcation. *See In re Chavez,* 140 B.R. 413, 422 (Bankr. W.D. Tex. 1992). Federal law determines what constitutes a fiduciary for the purposes of section 523(a)(4). *Miller v.*

*J.D. Abrams Inc. (In re Miller),* 156 F.3d 598, 602 (5th Cir. 1998).

26. In order for a fiduciary relationship to exist for the purposes of section 523(a)(4) there must be an express or technical trust relationship; a constructive trust relationship is insufficient to support the proposition that someone is a fiduciary for the purposes of 523(a)(4). *Id.* The court must look to applicable, typically state law to determine whether a trust relationship exists. *Bennett v. Bennett (In re Bennett),* 989 F.2d 779, 784 (5th Cir. 1993). The technical or express trust requirement is not limited to trusts that arise by virtue of a formal trust agreement; it also includes relationships in which a trust-type relationship is imposed by common law or statute. *Id.*

27. Kapitus has not alleged any facts nor has it pointed to any provisions of the Agreement that create and satisfy the existence of any fiduciary relationship between Bridges and Kapitus. Therefore, Kapitus has failed to state a claim upon which relief can be granted for fraud or defalcation in a fiduciary capacity.

28. Kapitus, "upon information and belief," has alleged both larceny and embezzlement against Bridges! Clearly, this is a shot gun approach because the same facts cannot give rise to both claims. Kapitus did not appear at the meeting of creditors to question Bridges. Kapitus did not conduct a 2004 examination of Bridges. On the last day of deadline to file a non-dischargeability action, on 2/3/2020, Kapitus filed its Complaint. Kapitus is attempting to go on a fishing expedition in this adversary proceeding in the hopes of gathering evidence that may support its "belief and information," even though it has no such facts available to it now. Without having done its due diligence, Kaiptus via its shot gun approach hopes for information showing Bridges:

    (a) "misappropriated portions of the funds and/or receivables for her[sic] benefit by fraudulent intent or deceit." *See* Complaint, ¶ 50.

  (b) "transferred the funds and/or Receivables into accounts not accessible by [Kapitus], which constitutes larceny. *See* Complaint, ¶ 51.

  (c) "used the funds and/or receivables without explanation, reason or purpose relating to Merchant's business." *See* Complaint, ¶ 52.

All Kapitus has done is to trace the language of the applicable statue without inclusion of any specific facts with who, when and what. Kaptitus' failure in exercising due diligence by appearing at the meeting of creditors and/or conducting a 2004 examination should prevent it from going on a fishing expedition now based on allegations that are "upon information and belief," and fail to state specific instances of fact, with date, amounts, etc.

29. Neither larceny nor embezzlement are defined in the Bankruptcy Code.

30. "Under federal common law, 'embezzlement' is 'the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.' *United States v. Sayklay,* 542 F.2d 942, 944 (5th Cir. 1976).

31. A bankruptcy court is not bound by the state law definition of larceny, but, rather, should follow the federal common law definition. *In re Barrett*, 156 B.R. 529, 533 n. 3 (Bankr. N.D. Tex. 1993), *aff'd* 1999 U.S. Dist. LEXIS 4223, 1999 WL 184117 (N.D. Tex. 1999); *In re Langworthy*, 121 B.R. 903 (Bankr. M.D. Fla. 1990). Under this common law definition, larceny is the "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." *In re Barrett*, 156 B.R. 529, 533 (Bankr. N.D. Tex. 1993), *aff'd* 1999 U.S. Dist. LEXIS 4223, 1999 WL 184117 (N.D. Tex. 1999); *In re Langworthy*, 121 B.R. 903, 907 (Bankr. M.D. Fla. 1990). Stated in another way, "larceny is proven, for non-dischargeability purposes, by a showing that the debtor has willfully taken property with fraudulent intent." *In re Kelly*, 155 B.R. 75, 78 (Bankr. S.D.N.Y. 1993).

32. A general belief by Kapitus that Bridges committed embezzlement or larceny is not enough to survive this Motion in view of the fact that nothing in the Agreement, prevented Merchant from using its receivables in the ordinary course of running its business affairs.

33. Put another way, Kapitus cannot survive this Motion by claiming since it was not paid back by Merchant, the only conclusion that can be drawn from that fact is that Bridges misappropriated through embezzlement or larceny

34. Therefore, Kapitus has failed to state a claim upon which relief can be granted and Kapitus' cause of action under § 523(a)(4) should be dismissed or in the alternative Bridges requests that Kapitus be given no more than 10 days to replead its claim in full compliance with Bankruptcy Rule 7009 and 12(e). FED. R. CIV. P., without adding any new facts because the time for adding new facts expired on February 3, 2020.

### Rule 12(b)(6), 12(e), as to § 523(a)(6) Cause of Action

35. Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged cause of action under 11 U.S.C. § 523 (a)(6), and therefore fails. Kapitus' Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

36. The element of malice distinguishes non-dischargeable intentional torts from ordinary intentional tort actions.

37. A simple breach of contract does not cause an injury that may be excepted from discharge under Code § 523(a)(6). *In re Riso*, 978 F.2d 1151 (9th Cir. 1992).

38. An intentional breach of contract may be excepted from discharge, however, when

accompanied by willful and malicious tortuous conduct. *In re Riso*, 978 F.2d 1151 (9th Cir. 1992).

39. Section 523(a)(6) requires "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Berry v. Vollbracht (in re Vollbrachat)*, No. 06-60619, 2007 WL 3144848, *1 (5th Cir. Oct. 24, 2007).

40. In order for conduct to qualify as willful and malicious the debtor must act with "either an objective substantial certainty of harm or a subjective motive to cause harm." *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 509 (5th Cir. 2003) (quoting *Miller v. J.D. Abrams Inc. (In re Miller)*, 156 F.3d 598, 606 (5th Cir. 1998)).

41. Injuries that are negligently or recklessly inflicted are insufficient to meet the requirements of section 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S. Ct. 974, 140 L. Ed. 2d 90 (1998).

42. A Section 523(a)(6) claim centers on the defendant's conduct.

43. Kapitus has failed to state any facts in support of a subjective motive on the part of Bridges because it has no such evidence and cannot read Bridge's mind anyway.

44. As to the objective standard, Kapitus makes allegations that do not make sense never mind meeting the legal standard for dischargeability pleading, for example, (i) Kapitus alleges Bridges signed the Agreement willfully and maliciously with ulterior motives; *See* Complaint, ¶ 62a and 62b, (ii) Kapitus alleges Bridges willfully and maliciously omitted facts. *See* Complaint, ¶ 62c. Basically, Kapitus is trying to make its meritless fraud claims into a willful and malicious injury claim.

45. Kapitus' pleadings primarily fail because the debt that it wants to be held to be non-dischargeable did not arise from an injury by Bridges to Kapitus, but it was a debt that came into existence when Bridges personally guaranteed the liability under the Agreement.

46. Kapitus has failed to state a claim upon which relief can be granted and Kapitus' cause of action under § 523(a)(6) should be dismissed or in the alternative Bridges requests that Kapitus be given no more than 10 days to replead its claim in full compliance with Bankruptcy Rule 7009 and 12(e). FED. R. CIV. P., without adding any new facts because the time for adding new facts expired on February 3, 2020.

WHEREFORE, PREMISES CONSIDERED, Bridges prays for an order of this Court, dismissing the causes of action brought against him under sections 523(a)(2)(A), 523(a)(4) and 523(a)(6), and granting Defendant such other and further relief to which he may be entitled.

Respectfully submitted:

By: /s/ Behrooz Vida   March 3, 2019
Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
Helenna Bird
State Bar No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically. Service was accomplished electronically and/or by first class mail to the parties indicated on the matrix attached to the court filed motion.

| | |
|---|---|
| Charles M. Rubio<br>Diamond McCarthy LLP<br>909 Fannin Suite 3700<br>Houston, Texas 77010 | Via ECF |
| Dwayne Paul Bridges<br>920 Lynch Bend Rd.<br>Springtown, TX   76082 | VIA USMAIL |
| United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, Texas 75242 | Via ECF |

/s/ Behrooz P. Vida    March 3, 2019
Behrooz P. Vida
Carla Reed Vida
Helenna Bird