Behrooz P. Vida, SBOT No. 20578040
Carla R. Vida, SBOT No. 16674445
Helenna Bird, SBOT No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
TEL: (817) 358-9977
FAX: (817) 358-9988
ATTORNEYS FOR DWAYNE PAUL BRIDGES

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| DWAYNE PAUL BRIDGES § | CASE NO. 19-44181-ELM | |
| § | CHAPTER 7 | |
| § | | |

_____

| | | |
|---|---|---|
| KAPITUS SERVICING, INC. AS § | | |
| SERVICING AGENT FOR TVT § | | |
| CAPITAL, LLC § | | |
|     Plaintiffs § | | |
| v. § | Adversary No. 20-04009-ELM | |
| § | | |
| DWAYNE PAUL BRIDGES § | | |
|     Defendant § | | |

_____

**RULE 12(b)(6) MOTION TO DISMISS CERTAIN CAUSES OF ACTION
IN AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF THE SAID COURT:

    DWAYNE PAUL BRIDGES ("Bridges"), files this Motion to Dismiss (the "Motion"), against KAPITUS SERVICING, INC. AS SERVICING AGENCT FOR TVT CAPITAL, LLC ("Kapitus"), and would respectfully show the Court as follows:

    1.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

    2.    This is a core proceeding.

3.  This Motion is brought pursuant to 11 U.S.C. § 105, Rules 12(b)(6), 12(e), 7, 8 and 9 FED. R. CIV. P., made applicable to this proceeding via Bankruptcy Rules 7012, 1011, 7007, 7008 and 7009 FED. R. BANKR. P.

4.  On February 3, 2020, Kapitus filed its complaint against Bridges. Kapitus contends the personal guarantee Bridges gave to Kapitus is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(2)(B), (a)(4) and (a)(6).

5.  On March 3, 2020, Bridges filed its motion to dismiss with respect to Kapitus' complaint.

6.  On March 24, 2020, Kapitus filed its Amended Complaint.

7.  On May 28, 2020, Bridges' motion to dismiss was denied without prejudice.

8.  This Motion addresses Kapitus' failure to state a claim under 11 U.S.C. §§ 523(a)(2)(A) and (a)(4) in its Amended Complaint.

9.  The facts relevant to this Motion as to each cause of action subject to this Motion, as alleged by Kapitus, can be summarized as follows:

    (a) <u>Section 523(a)(2)(A) Claim</u> - On or about June 9, 2016, Bridges, on behalf of its wholly owned corporation, License to Chill Heating and Air, Inc. ("Merchant"), entered into Purchase and Sale of Future Receivables (the "Agreement").[1]  This was the second such transaction between the parties.   With respect to this second transaction, Bridges had a pre-funding call with Kapitus on or about June 9, 2016.  Kapitus alleges oral representations made by Bridges regarding Merchant's financial situation during the funding call amount to false pretenses, false statements and actual fraud to obtain money

---

[1] It seems Kapitus is either confused or hedging its bet.  In paragraph 9 of the Amended Compliant, Kapitus claims that it is a secured creditor of Merchant but in paragraphs 16 & 17 takes the position that it purchased Merchant's accounts receivable and was the owner of the accounts receivable.

from Kapitus.

(b)  Section 523(a)(4) Claim – Bridges' liability under the personal guarantee is a debt for fraud or defalcation in a fiduciary capacity, embezzlement or larceny.

(c)  Kapitus alleges to have suffered $145,306.35 in damages plus unliquidated damages for attorney's fees.

10.  Bridges contends even taking Kapitus' facts as true, Kapitus has failed to state a claim under Sections 523(a)(2)(A) and (a)(4), upon which relief can be granted.

11.  Additionally, Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged causes of action under 11 U.S.C. §§ 523(a)(2)(A), and (a)(4), and therefore fails.   Kapitus' Amended Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

## Rule 12(b)(6) in General

12.  A bankruptcy court may *sua sponte* treat a hearing on a Rule 12(b)(6), as a hearing for summary judgment.  *In re Rothery*, 143 F.3d 546 (9th Cir. 1998).

13.  In evaluating a Motion to Dismiss under Rule 12(b)(6), a complaint is to be charitably construed, with all well pleaded factual allegations being accepted as true, and with any reasonable inferences from those facts being drawn in favor of the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-556 & 569 n. 14, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-556.   In 2009, the Supreme Court clarified the *Twombly* pleading standard and elaborated that,

to survive a motion to dismiss, a civil complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-1951, 173 L. Ed. 2d 868 (2009)(the Court also affirmed the *Twombly* two-pronged approach to deciding motions to dismiss: first, determine what is a factual allegation versus a legal conclusion, as only factual allegations will be accepted as true; and second, determine whether the factual allegations state a plausible claim for relief). In analyzing a motion to dismiss, a court may review the pleadings on file, including all attachments. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000).

14.     Rule 12 (b)(6) is not entirely a toothless tiger. *Podiatrist Ass'n, Inc., v. La Cruz Azul de Puerto Rico, Inc.,* 332 F.3d 6, 19 (1st Cir. 2003).   A complaint must set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable theory. *Id.*

15.     Bridges asserts that Kapitus' failure to tie in the causes of action to the necessary facts needed for the support of each element, has caused Kapitus to fail to state a claim upon which relief can be granted.

### Rule 12(b)(6), 12(e), (7) & (9) as to § 523(a)(2)(A) Cause of Action

16.     Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged cause of action under 11 U.S.C. § 523(a)(2)(A), and therefore fails.  Kapitus' Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

17.     Each of the elements of section 523(a)(2)(A) must be proved by a preponderance of

the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

18. Kapitus' Complaint seeks a determination that its claim against Bridges for his personal guarantee should be excepted from discharge under §523(a)(2)(A) as a debt obtained by "false pretenses, a false representation, or actual fraud."

19. 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code provides that:

(a) a discharge under §727 of this title does not discharge an individual debtor from any debt –
    (2) for money, property, ... to the extent obtained by—
        (A) false pretenses, a false representation actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

20. To have a debt excepted from discharge pursuant to the "actual fraud" provision in §523(a)(2)(A), an objecting creditor must prove that:

    (1) the debtor made representations;
    (2) at the time they were made the debtor knew they were false;
    (3) the debtor made the representations with the intention and purpose to deceive the creditor;
    (4) the creditor justifiably relied on such representation; and
    (5) the creditor sustained losses as a proximate result of the representations.

*Int'l Beauty Products, LLC v. Beveridge (In re Beveridge),* 416 B.R. 552, 2009 WL 2591143, at *10 (Bankr. N.D. 2009); *see also Recoveredge, L.P. v. Pentecost*, 44 F.3d 1284, 1293 (5th Cir. 1995), as modified by the United States Supreme Court decision of *Field v. Mans*, 516 U.S. 59, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995) [regarding the proper standard of reliance].

21. Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b); *City of Clinton v. Pilgrim's Pride Corp.,* 632 F.3d 148, 153 (5th Cir. 2010).

22. While Rule 9(b) provides that intent and knowledge "may be alleged generally," this is not license to base claims of fraud upon conclusory allegations. *Id.*

23. "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Benchmark Electronics, Inc. v. J.M. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003).

24. Bridges points out that Kapitus' Section 523(a)(2)(A) claim is based on an oral conversation with Bridges. During this funding call Kapitus' representative asked questions <u>respecting</u> Bridges' and/or Merchant's financial condition.2 The United States Supreme Court in *Lamar, Archer & Cofrin, LLP v. Appling (In re Appling),* 138 S. Ct. 1752, 1758, 201 L. Ed. 2d 102 (2018), gave the phrase "respecting the debtor's financial condition" a broad interpretation. The Supreme Court held:

> We also agree that a statement is "respecting" a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status. A single asset has a direct relationship to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not. Naturally, then a statement about a single asset can be a "statement respecting the debtor's financial condition."

*Id.* at 1761. During the funding call, Kapitus inquired about being current with landlord, being current on business property, debts owed to other lenders and being current on tax liabilities. If a statement about a <u>single asset</u> in *In re Appling* constituted a "statement respecting the debtor's financial condition" under 11 U.S.C. §523(a)(2), then, the many questions asked by Kapitus during the funding call definitely were questions respecting Bridges' and/or Merchant's financial condition. Therefore, Kapitus' Section 523(a)(2)(A) claim against Bridges fails because Kapitus had to have its answers regarding the financial conditions in writing and not through a funding call. In addition, in *Bellco First Federal Credit Union v. Kaspar (In re Kaspar)*, 125 F.3d 1358, 1361 (10th Cir. 1997), the Tenth Circuit held that "[a] written statement of financial condition does not

---

2 The questioning seems to be vague and nonspecific as to whether the questions are being directed to Merchant or Bridges personally. Regardless, the questions were respecting the debtor's (Bridge's) or an insider's (Merchant's) financial condition.

mean an oral statement converted into an electronic format." *Id.* at 1362.

25. Therefore, any oral representations by Bridges during the funding call about debts of Merchant or his personal debts could not be challenged under § 523(a)(2)(A) but would have to be in writing and challenged under § 523(a)(2)(B).

26. Bridges contends that Kapitus has failed to state a claim for fraud in the context of Section 523(a)(2)(A) upon which relief can be granted. Bridges contends that Kapitus' claim should be dismissed, or in the alternative Bridges requests that Kapitus be given no more than 10 days to replead its claim in full compliance with Bankruptcy Rule 7009 and 12(e), FED. R. CIV. P., without adding any new facts because the time for adding new facts expired when the deadline for filing objection to dischargeability expired on February 3, 2020.

### Rule 12(b)(6), 12(e) as to § 523(a)(4) Cause of Action

27. Bridges points out that Kapitus' Complaint fails to tie the facts to its alleged cause of action under 11 U.S.C. § 523(a)(4), and therefore fails. Kapitus' Compliant fails because it lists facts combined with allegations based on "information and belief," and then proceeds to contend that the exact same facts and "information and belief," support every cause of action against Bridges even though every cause of action has its own required elements which require different facts for proving that specific cause of action.

28. Section 523(a)(4) provides that a debt may be declared non-dischargeable if it arose by reason of the debtor's "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

29. Under section 523(a)(4) non-dischargeability of a debt because of fraud or defalcation by the debtor requires a showing that (1) the debtor was a fiduciary, and (2) the debt arose through fraud or defalcation. *See In re Chavez,* 140 B.R. 413, 422 (Bankr. W.D. Tex. 1992).

Federal law determines what constitutes a fiduciary for the purposes of section 523(a)(4). *Miller v. J.D. Abrams Inc. (In re Miller),* 156 F.3d 598, 602 (5th Cir. 1998).

30. In order for a fiduciary relationship to exist for the purposes of section 523(a)(4) there must be an express or technical trust relationship; a constructive trust relationship is insufficient to support the proposition that someone is a fiduciary for the purposes of 523(a)(4). *Id.* The court must look to applicable, typically state law to determine whether a trust relationship exists. *Bennett v. Bennett (In re Bennett),* 989 F.2d 779, 784 (5th Cir. 1993). The technical or express trust requirement is not limited to trusts that arise by virtue of a formal trust agreement; it also includes relationships in which a trust-type relationship is imposed by common law or statute. *Id.*

31. Kapitus in its Amended Complaint, paragraph 52, alleges that under New York law there exists an express trust.

32. Applying the elements of an express trust under New York Law, one can only conclude the existence of an express trust between Kapitus and Merchant because: (1) Kapitus is the designated beneficiary, (2) Merchant is the designated trustee; clearly Mr. Bridges is NOT the trustee ; (3) Merchant's receivables were the designated funds for the express trust, and (4) It was arranged for customers to deliver the receivables to Merchant.

33. Clearly, Kapitus's pleading at best establishes an express trust between Kapitus and Merchant; NOT an express trust between Kapitus and Bridges.

34. In paragraph 54 of the Amended Compliant Kapitus makes its illogical jump in an attempt to save from dismissal its § 523(a)(4) cause of action.   It contends:

    a. Merchant had a fiduciary duty to Kapitus (under New York Law).
    b. Merchant violated its fiduciary duty to Kapitus (under New York Law).
    c. Mr. Bridges had a fiduciary duty to Merchant (under Texas Law).

    d.   Merchant's violation of its fiduciary duty caused Mr. Bridges, a fiduciary to the Merchant, to personally have violated its passthrough fiduciary duty to Kapitus.

However, as far as the express trust is concerned, whether under New York law or Texas law, Mr. Bridges does not have any fiduciary duty to Kapitus.   Merchant may have a claim against Mr. Bridges for violation of his duty to Merchant as its officer but that is not passed through to Kapitus to assert in this bankruptcy proceeding.   The cause of action does not belong to Kapitus to assert!

    35.   Additionally, Kapitus did not allege any facts regarding an express trust in its Complaint filed on February 3, 2020.   Kapitus added the new legal theory of an express trust to the Amended Complaint filed March 24, 2020.   The deadline to file a non-dischargeability action was February 3, 2020.

    36.   The relation back of an amendment to a pleading is governed by Rule 15(c) of the Federal Rules of Civil Procedure, as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7015.   Under Rule 15(c)(1)(B), "an amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(2).

    37.   Kapitus has alleged a new ground for relief supported by new facts by alleging the existence of an express trust between Kapitus and Bridges under New York Law.   Kapitus' inclusion of an express trust theory in its Amended Complaint is an attempt by Kapitus to see what sticks.

    38.   Kapitus, "upon information and belief," has alleged both larceny and embezzlement against Bridges!    Clearly, this is a shot gun approach because the same facts cannot give rise to both claims.   Kapitus did not appear at the meeting of creditors to question Bridges.   Kapitus did

not conduct a 2004 examination of Bridges. On the last day of deadline to file a non-dischargeability action, on 2/3/2020, Kapitus filed its Complaint. Kapitus is attempting to go on a fishing expedition in this adversary proceeding in the hopes of gathering evidence that may support its "belief and information," even though it has no such facts available to it now. Without having done its due diligence, Kapitus via its shot gun approach hopes for information showing Bridges:

    (a) "Upon information and belief, Debtor misappropriated portions of the Receivables for his own benefit. Debtor committed fraud and/or defalcation by being entrusted with the Receivables and misappropriating the Receivables for the Debtor's own use. *See* Amended Complaint, ¶ 58.

    (b) "Alternatively, Debtor committed larceny by taking Kapitus's property, the purchased Receivables, with the intent to permanently deprive Kapitus of such property. *See* Amended Complaint, ¶ 59.

    (c) "Alternatively, Debtor's committed embezzlement because Kapitus entrusted Debtor with the Receivables and the Debtor appropriated these funds by diverting them away from Kapitus for the Debtor's own use." *See* Amended Complaint, ¶ 60.

    (d) "The Debtor's debt to Kapitus is a debt for larceny and/or embezzlement because the Debtor stole the Receivables to be deposited into the Account that Kapitus acquired under the Agreement with the intent to permanently deprive the Kapitus of those receivables." *See* Amended Complaint, ¶ 61.

All Kapitus has done is to trace the language of the applicable statue without inclusion of any specific facts with who, when and what. Kapitus' failure in exercising due diligence by appearing at the meeting of creditors and/or conducting a 2004 examination should prevent it from going on a

fishing expedition now based on allegations that are "upon information and belief," and fail to state specific instances of fact, with date, amounts, etc.

39. Neither larceny nor embezzlement are defined in the Bankruptcy Code.

40. "Under federal common law, 'embezzlement' is 'the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come.' *United States v. Sayklay,* 542 F.2d 942, 944 (5th Cir. 1976).

41. A bankruptcy court is not bound by the state law definition of larceny, but, rather, should follow the federal common law definition. *In re Barrett*, 156 B.R. 529, 533 n. 3 (Bankr. N.D. Tex. 1993), *aff'd* 1999 U.S. Dist. LEXIS 4223, 1999 WL 184117 (N.D. Tex. 1999); *In re Langworthy*, 121 B.R. 903 (Bankr. M.D. Fla. 1990). Under this common law definition, larceny is the "felonious taking of another's personal property with intent to convert it or deprive the owner of the same." *In re Barrett*, 156 B.R. 529, 533 (Bankr. N.D. Tex. 1993), *aff'd* 1999 U.S. Dist. LEXIS 4223, 1999 WL 184117 (N.D. Tex. 1999); *In re Langworthy*, 121 B.R. 903, 907 (Bankr. M.D. Fla. 1990). Stated in another way, "larceny is proven, for non-dischargeability purposes, by a showing that the debtor has willfully taken property with fraudulent intent." *In re Kelly*, 155 B.R. 75, 78 (Bankr. S.D.N.Y. 1993).

42. A general belief by Kapitus that Bridges committed embezzlement or larceny is not enough to survive this Motion in view of the fact that nothing in the Agreement, prevented Merchant from using its receivables in the ordinary course of running its business affairs. To survive a Rule 12(b)(6) motion, Kapitus has to state specific instances of misuse of funds used by Mr. Bridges, which it has failed.

43. Put another way, Kapitus cannot survive this Motion by claiming since it was not paid back by Merchant, the only conclusion that can be drawn from that fact is that Bridges

misappropriated through embezzlement or larceny.

44. Therefore, Kapitus has failed to state a claim upon which relief can be granted and Kapitus' cause of action under § 523(a)(4) should be dismissed or in the alternative Bridges requests that Kapitus be given no more than 10 days to replead its claim in full compliance with Bankruptcy Rule 7009 and 12(e). FED. R. CIV. P., without adding any new facts because the time for adding new facts expired on February 3, 2020.

WHEREFORE, PREMISES CONSIDERED, Bridges prays for an order of this Court, dismissing the causes of action brought against him under sections 523(a)(2)(A), 523(a)(4) and 523(a)(6), and granting Defendant such other and further relief to which he may be entitled.

Respectfully submitted:

By: /s/ Behrooz Vida    June 3, 2020
Behrooz P. Vida
State Bar No. 20578040
Carla Reed Vida
State Bar No. 16674445
Helenna Bird
State Bar No. 24085205
THE VIDA LAW FIRM, PLLC
3000 Central Drive
Bedford, Texas 76021
EMAIL: filings@vidalawfirm.com
TEL: (817) 358-9977
FAX: (817) 358-9988

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and forgoing instrument was served on the date that the instrument was filed electronically.  Service was accomplished electronically and/or by first class mail to the parties indicated on the matrix attached to the court filed motion.

| | |
|---|---|
| Charles M. Rubio<br>Diamond McCarthy LLP<br>909 Fannin Suite 3700<br>Houston, Texas 77010 | Via ECF |
| Dwayne Paul Bridges<br>920 Lynch Bend Rd.<br>Springtown, TX   76082 | VIA USMAIL |
| United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, Texas 75242 | Via ECF |

      /s/ Behrooz P. Vida    June 3, 2020
      Behrooz P. Vida
      Carla Reed Vida
      Helenna Bird