

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 31, 2021**

_____
**United States Bankruptcy Judge**
_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re:<br><br>DWAYNE PAUL BRIDGES AND<br>DANA MICHELLE BRIDGES<br><br>　　Debtors. | Case No. 1944181-elm<br><br>Chapter 7 |
| KAPITUS SERVICING INC.<br><br>　　Plaintiff,<br><br>v.<br><br>DWAYNE PAUL BRIDGES<br><br>　　Defendant. | Adv. Pro. No. 20-04009-elm |

### ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO QUASH

Upon consideration of the Motion to Quash [ECF 52] ("Motion") filed by Kapitus Servicing, Inc., as servicing agent for TVT Capital, LLC ("Kapitus"), the response [ECF 56] (the "Response") filed by Dwayne Paul Bridges ("Bridges" or the "Defendant"), the reply [ECF 58]

(the "Reply") filed by Kapitus, the Amended Notice of Deposition of Corporate Representative filed on the docket at ECF 57-3 (the "Deposition Notice"), and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; the Response, the Reply, the Deposition Notice and the arguments of counsel at the hearing held on August 26, 2021, it is hereby ORDERED that:

1. The deposition topics attached as Exhibit A to the Deposition Notice are allowed, struck, and modified as follows:

   a. Topics 2(A), 8, 11, 12, 13 are allowed;

   b. Topics 7 and 10 are struck;

   c. Topic 1 is modified to limit its scope to communications between the parties; and

   d. Topics 2(B), 3 to 6 and 9 are modified to limit their scope to the administration of the agreement between the parties.

2. Kapitus may designate information disclosed at the deposition as "Confidential Information" or "Confidential Attorney Eyes Only Information" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition or within fourteen (14) calendar days after Kapitus receives a copy of the deposition transcript from the Defendant. For purposes of this Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor or other information required by law or agreement to be kept confidential and (b) the "Confidential Attorney Eyes Only" designation

means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information.

3. If Kapitus designates any disclosure as Confidential Attorney Eyes Only Information during the deposition then Defendant shall only have the attorneys of record in the case be present during such disclosures.

4. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner so to prevent disclosure to any third parties and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted in this Order.

5. Bridges or his counsel may challenge Kapitus' designation at any time. Bridges or his counsel may request in writing to Kapitus' counsel that it remove the designation and Kapitus will then have five (5) business days after receipt of a challenge notice to advise Bridges whether or not it will remove the designation. If the parties are unable to reach agreement after the expiration of this five (5) business day time-frame, Bridges may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by this Court, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Order.

6. Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for any other purpose. If any party wishes to submit Confidential Information to the court, the submission must be filed only under seal on CM/ECF.

7. Confidential Information may be disclosed by Bridges' counsel to supporting personnel employed by Bridges' counsel only on a need-to-know basis for purposes of prosecuting this litigation and to Bridges, provided that such persons are informed of the terms of this Order. Confidential Attorney Eyes Only Information may be disclosed by Bridges' counsel to supporting personnel employed by Bridges' counsel only on a need-to-know basis for purposes of prosecuting this litigation, provided that such persons are informed of the terms of this Order. Bridges counsel shall have any supporting personnel who receives such information sign a copy of this Order to acknowledge receipt of this Order.

8. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, counsel of record for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Order.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this order.

**###END OF ORDER###**

| | |
|---|---|
| Order Submitted by: | Approved as to form: |
| /s/ *Charles M. Rubio* | /s/ *Behrooz P. Vida* |
| PARKINS LEE & RUBIO LLP | Behrooz P. Vida |
| Charles M. Rubio P.C. | State Bar No. 20578040 |
| TX Bar No. 24083768 | Helenna Bird |
| Pennzoil Place | State Bar No. 24085205 |
| 700 Milam Street, Suite 1300 | THE VIDA LAW FIRM, PLLC |
| Houston, Texas 77002 | 3000 Central Drive |
| Telephone: 212-763-3331 | Bedford, Texas 76021 |
| Email: crubio@parkinslee.com | EMAIL : filings@vidalawfirm.com |
| | TEL: (817) 358-9977 |
| *Counsel for Kapitus Servicing, Inc.* | FAX: (817) 358-9988 |
| | *Counsel to Dwayne Paul Bridges* |